UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENZO HUNT,

                    Petitioner,

-v-

E. RICKARD, *et al.*,

                    Respondents.

25 Civ. 989 (PAE) (JW)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 22, 2025, Lorenzo Hunt filed a petition for a writ of habeas corpus in the above-captioned case. Dkt. 1. Hunt challenged his detention at FCI Otisville, requesting the Bureau of Prisons ("BOP") apply his First Step Act earned time credit toward "prerelease custody" and immediately transfer him to a residential re-entry center or home confinement. *Id.* at 2. The Court has been advised that petitioner was released from FCI Otisville on August 7, 2025, and, accordingly, respondents move to dismiss the petition as moot. Dkt. 17.

A petitioner's release from custody moots a habeas petition that "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234 (1968). While incarcerated, a "convict's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7 (cleaned up). Once released, however, "some 'collateral consequence' of the conviction"—other than the now-ended incarceration— "must exist if the suit is to be maintained." *Id.* When a prisoner challenging the calculation of his sentence is subsequently released, courts in this Circuit routinely have found no collateral

consequence follows to maintain a live "case or controversy." "[I]t is settled in [the Second] Circuit that a transfer from a prison facility moots an action for injunctive relief." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam); *accord Ciaprazi v. Jacobson*, 719 F. App'x 86, 87 (2d Cir. 2018) (summary order) ("A prisoner's release moots an action seeking injunctive relief against the prison, but not an action seeking damages.").

Here, Hunt seeks injunctive relief due to the calculation of his sentence. Indeed, the only relief Hunt seeks is directed at his custodial status: "directing the BOP to apply [Hunt's] FSA . . . toward prerelease custody" and "immediately" transfer Hunt to a "residential re-entry center." Dkt. 1 at 2; Dkt. 1-2 at 11–12. Hunt's release from BOP custody, therefore, moots his habeas petition. *See Cohen v. Jamison*, No. 23 Civ. 1304, 2023 WL 3511124, at *2 (S.D.N.Y. Apr. 10, 2023); *Harrison v. Terrell*, No. 12 Civ. 6855, 2013 WL 1290653, at *2 (S.D.N.Y. Mar. 29, 2013); *Allen v. Lindsay*, No. 9 Civ. 1283, 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010); *Allah v. Goord*, 405 F. Supp. 2d 265, 270 n.1 (S.D.N.Y. 2005).

The Court, therefore, DENIES without prejudice the petition, Dkt. 1. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: December 5, 2025
      New York, New York